UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 10-20349

v.

LYLE JAMES PEGO
_____/

**DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.  Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX  (1)  The Government moved for detention at the Defendant's first appearance pursuant to:

  XX   18 U.S.C. § 3142(f)(1).

  __   18 U.S.C. § 3142(f)(2).

__  (2)  A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.  Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__  (1)  The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

___ (2) The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

___ (3) A period of less than five years has elapsed since

    ___ the date of conviction, **or**

    ___ the Defendant's release from prison for the offense described in finding (B)(1).

___ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.    Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

    ___ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

    ___ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    ___ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    ___ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    ___ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    ___ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**D.**     **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__    (1)    There is a serious risk that the Defendant will not appear.

XX    (2)    There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

XX    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

__    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(l):**

      The Government moves to detain the Defendant and does not advance any presumptions in favor of detention. Both counsel correctly point out the factors to be considered in deciding this motion are found in 18 U.S.C. § 3142(g). As to subsection (g)(1), it appears that the crime charged would qualify as a crime of violence under federal law as the Defendant is charged with assault with intent to do bodily harm with a dangerous weapon. As to subsection (g)(2), I find that from the grand jury having passed an Indictment, there is a definite weight of evidence, at least probable cause, supporting the charge against the Defendant.

As to the factors set forth in subsection (g)(3), I find that Defendant is 19 years of age and has not been married.  He is a Native American and a member of the Saginaw Chippewa Indian tribe.   He lived in the Grand Rapids area for a brief period before living at various addresses in the Mount Pleasant area.  Between 2006 and 2008, the Defendant was in a boys reformatory school in Nevada as a ward of the state.  Defendant has never been employed.  Defendant conceded to Pretrial Services that he began using marijuana and alcohol to excess at age 16.  Defendant indicates that he has since ceased both of those habits and preliminary urinalysis testing was negative for controlled substances.

In 2008, Defendant was charged with a misdemeanor assault and was convicted  in September 2008 of misdemeanor domestic violence. He was a sentenced to 12 months probation. That probation was extended to February 2010.  The Government represents that the 2008 case involved an assault by the Defendant upon his then girlfriend, which included slapping and kicking her.  Counsel for Defendant notes that Defendant himself sustained a head injury as a result of this confrontation.  While on probation, in August 2009, Defendant was charged with a number of offenses, some of which were weapons related.  He pled guilty to attempted felonious assault with a dangerous weapon.  Defendant was sentenced to six months confinement and  two years probation.  Counsel for the Government represents that this offense arose as a result of a confrontation in a park with a number of unrelated individuals.  The Government represents that Defendant, at one point, appeared to be encouraging others in his group to assault the group that was confronting them.  Counsel for Defendant represents that Defendant himself was not an instigator of this confrontation, and in fact, at one point, attempted to defuse the confrontation.

In late December 2009, Defendant was charged with assault and battery, domestic violence and reckless driving in tribal court.  That charge arose out of the same incident which serves as the basis for this Indictment.  The Assistant United States Attorney

represents that this tribal charge will shortly be dismissed.  While conduct for which a person is not convicted is not itself a factor under the Bail Reform Act, I conclude that this conduct can inform consideration of a person's history and characteristics under 18 U.S.C. § 3133(g)(3).  Counsel for the Government represents that this offense arose out of a series of arguments and confrontations between Defendant and his girlfriend.  During their arguments on a cold winter's evening, Defendant left his girlfriend, who had no winter clothing, by the side of the road approximately 5 miles from home and drove away.  The arguments apparently continued, and at some later point, it appears that Defendant's girlfriend was picked up by other family members.  According to the Government, Defendant tried to use his car to intimidate those transporting his girlfriend.  This incident appears to have devolved into a chase on snowy roads at speeds allegedly admitted by Defendant to be 70 to 80 miles an hour. Subsequent to this charge, a Personal Protection Order was issued by the tribal court prohibiting Defendant from contact with his girlfriend.   Both counsel freely admit that Defendant repeatedly violated this order, and that Defendant had daily contact with his girlfriend in spite of the tribal court order.   This Personal Protection Order was in place from December 2009 to April 2010, when, after a hearing before the tribal court, an Order issued dissolving the Personal Protection Order.  There are a number of other incomplete tribal court entries relating to the Defendant; however, with the exception of a 2009 tribal driving violation order which apparently was the genesis of a directive that Defendant submit to preliminary breath tests, I conclude that none of these other entries inform my decision of this motion.

     As I weigh the evidence presented in light of the factors set forth in the Bail Reform Act, a number of conclusions emerge.  First, although Defendant does not have the most serious criminal history, Defendant has a consistent pattern of committing subsequent offenses while on probation from earlier offenses, a factor I am directed to consider under the Bail Reform Act.  Second, the Defendant has a history of assaultive behavior; and third, the

Defendant has an admitted history of failure to follow court ordered supervision in the form of deliberate failures to comply with Personal Protection Orders. As I weigh these facts under the Bail Reform Act, although Defendant does not pose a significant risk of flight, I find that clear and convincing evidence supports the conclusion that Defendant poses a distinct and significant risk of harm to others. In addition, I am entirely unable to craft any terms of bond which will reasonably protect and assure the safety of the community, and in particular those people the Defendant is charged with assaulting. Accordingly, the Government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

             s/ *Charles E Binder*
             CHARLES E. BINDER
Dated: June 16, 2010         United States Magistrate Judge

**CERTIFICATION**

      I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Anthony Chambers, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: June 16, 2010          By      s/*Jean L. Broucek*
                                         Case Manager to Magistrate Judge Binder